## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVYN ENCARNACION, an individual; RICQUAN JONES, an individual; and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UGO LOGISTICS, LLC, a Massachusetts Limited Liability Company; HENRY EMELE, an individual; KARA EMELE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.: 1:23-cv-10438-MJJ<br><br>**CLASS & COLLECTIVE ACTION**<br><br>**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR SETTLEMENT APPROVAL** |

**TO THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Plaintiffs DAVYN ENCARNACION and RICQUAN JONES (collectively, "Plaintiffs") hereby, by and through undersigned counsel, request that this Court approve the settlement reached between Plaintiffs and Defendants UGO LOGISTICS, LLC, HENRY EMELE, and KARA EMELE (collectively, "Defendants" and together with Plaintiffs, the "Parties").

The Agreements have been fully executed and can be produced upon the Court's request. *See* Declaration of John P. Kristensen ("Kristensen Decl.") ¶ 16. Plaintiffs further submit to this Court that it should approve the Settlement Agreement for the reasons described in the Memorandum of Points and Authorities.

**DATED** this November 17, 2023            By: */s/ John P. Kristensen*
                                               John Kristensen, Esq.
                                               USDC DC Bar ID CA00084
                                               **CARPENTER & ZUCKERMAN**
                                               8827 W. Olympic Boulevard
                                               Beverly Hills, California 90211
                                               Telephone: (310) 273-1230
                                               Facsimile: (310) 858-1063
                                               *kristensen@cz.law*
                                               **Attorneys for Plaintiffs**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs in this putative collective action (collectively, "Plaintiffs"), and each of the Defendants in this action (UGO Logistics, LLC, Henry Emele, and Kara Emele (collectively, "Defendants")) (all collectively, the "Parties") have reached a global settlement of this action, and of all possible claims between them, in order to avoid the expense, distraction, uncertainty and delay of litigation. This motion serves as a joint request that the Court approve the Release Agreements entered into by and between them, which include, inter alia, a release of claims brought under the Fair Labor Standards Act ("FLSA"). Concurrently filed with the instant motion, as Exhibits A and B, are the Release Agreements between the Parties.

**II.    LEGAL NATURE OF PLAINTIFFS' CLAIMS**

Plaintiffs' Amended Complaint in this action alleges the following individual and putative class/collective action claims against Defendants: violation of FLSA) (Count I); and violation of the Massachusetts Fair Minimum Wage Act ("FMWA") (Count II).

**III.    THE SETTLEMENT AGREEMENT**

Without admitting fault or liability, the Parties have reached a global settlement agreement resolving all claims by and between them (including the claims alleged in this action and claims for attorneys' fees and costs). The settlement is conditioned on the approval of the Court, because approval may be required by law.  See, Bodle v. TXL Mortg. Corp., 788 F.3d 159, 164 (5th Cir. 2015) ("many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited"); Ibarra v. Del's Grass Farm, 2022 WL 1157657, * 1 (W.D. Tex. April 19) ("Given the uncertainty regarding the reach of Martin [v. Spring Break '83 Productions, 688 F.3d 247 (5th Cir. 2012)], the fact that the application of an

FLSA exemption is at issue in this case, and that district courts in this Circuit continue to review FLSA settlements, the Court will review the parties' proposed settlement for reasonableness.").

Upon approval by this Court, Defendants shall pay to each Plaintiff $5,500.00 for a total sum of $11,000.00 within fifteen (15) days in consideration for the releases and other covenants contained in the settlement agreements including Plaintiff's agreement to dismiss this action with prejudice.

Plaintiffs' counsel incurred nominal costs that are being allocated evenly to both Plaintiffs. Plaintiffs' counsel has a lodestar amount of over $10,500.00, however, pursuant to the retainer agreement and the release signed by the Plaintiffs, are entitled to 45% of the settlement, which means Plaintiffs' counsel will only be receiving $ 4,950.00 in fees, which is 45%. The lodestar is greater than the amount of fees Plaintiffs' counsel is seeking in attorneys' fees.

## IV.   LEGAL STANDARD

The FLSA permits settlement or compromise over alleged FLSA violations with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354. In order for a court to approve a settlement of FLSA claims, the settlement must reflect a "fair and reasonable resolution of a bona fide dispute" concerning coverage by the FLSA or the hours worked or amount of compensation owed.  See Ibarra, 2022 WL 1157657, * 2.

## V.   THE SETTLEMENT IS A FAIR AND REASONABLE COMPROMISE OF A BONA FIDE DISPUTE

The Court should approve the settlement because it reflects a reasonable compromise of a bona fide dispute regarding Defendants' FLSA liability. The parties' bona fide dispute contains substantial and material issues including but not limited to (1) whether Plaintiffs even qualify as "employees" for the

purpose of the relevant wage-and-hour statutes (i.e., it may well be that Plaintiffs are independent contractors with no right to wages or statutory protections, see, e.g., *McFeeley v. Jackson St. Entm't*, 825 F.3d 235, 241–44 (4th Cir. 2016) (assessing whether exotic dancers should be classified as independent contractors or employees); *Reich v. Circle C. Invs. Inc.,* 998 F.2d 324, 327–29 (5th Cir. 1993) (same)) and (2) what number of hours each Plaintiff worked. These disputes clearly demonstrate that bona fide issues exist regarding both Plaintiffs' entitlement to any additional compensation at all, and also the amount of wages, if any, that Defendants owe to them.

The Parties agree that their settlement of the FLSA and other claims between them is fair and reasonable in light of the Plaintiffs' possible damages, the early procedural posture of this case, and the good faith dispute that exists regarding the merits of Plaintiffs' claims. The settlement was reached in arms' length negotiations in which Plaintiffs were represented by attorneys with experience with wage and hour claims. *Ibarra*, 2022 WL 1157657, * 2 (basing approval in part on the fact that the settlement was "negotiated by experienced labor and employment attorneys as part of an arms' length transaction").

The settlement reflects the existence of multiple bona fide disputes. For example, there is a bona fide dispute as to whether Plaintiffs engaged in any off-the-clock work and whether they were owed any unpaid wages, including overtime. Despite the multiple uncertainties as to liability and damages, the settlement provides a significant recovery to Plaintiffs, whom Defendants contend are not owed any monies at all.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion in its entirety and approve the settlements between Plaintiffs and Defendants.

DATED this November 17, 2023                By: /s/ *John P. Kristensen*
                                            John Kristensen, Esq. (Pro Hac Vice)
                                            **CARPENTER & ZUCKERMAN**
                                            8827 W. Olympic Boulevard
                                            Beverly Hills, California 90211
                                            Telephone: (310) 273-1230
                                            Facsimile: (310) 858-1063
                                            *kristensen@cz.law*

                                            Chip Muller, Esq. (BBO #672100)
                                            MULLER LAW, LLC
                                            47 Wood Avenue
                                            Barrington, RI 02806
                                            Phone: (401) 256-5171
                                            chip@mullerlaw.com
                                            ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I certify that on Friday, November 17, 2023, a true and correct copy of the attached **NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR SETTLEMENT APPROVAL** was served via CM/ECF and on all parties of record pursuant to Fed. R. Civ. P. 5:

Diane M. Saunders
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
One Boston Place
Suite 3500
Boston, MA 02108
Phone: 617-994-5701
*diane.saunders@ogletreedeakins.com*

*Counsel for Defendants*

Chip Muller
**MULLER LAW, LLC**
47 Wood Avenue
Barrington, RI 02806
Phone: (401) 256-5171
*chip@mullerlaw.com*

*Co-Counsel for Plaintiffs*

                                           */s/ John P. Kristensen*
                                               John P. Kristensen